## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 06-27 (1) (JRT/SRN) |
| | Civil No. 07-2418 (JRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION** |
| JOHN LOUIS HADDAD, | |
| Defendant. | |

Erika R. Mozangue, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

John Louis Haddad, No: 12624-041, Federal Correctional Institution, P.O. Box 5000, Sheridan, Oregon 97378, defendant *pro se*.

John Louis Haddad filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the 30 month sentence imposed after he pled guilty to bank fraud in violation of 18 U.S.C. § 1344(2). For the reasons discussed below, the Court denies Haddad's motion.

### BACKGROUND

A grand jury for the District of Minnesota indicted Haddad on five counts of using a counterfeit credit card, two counts of identity fraud, and two counts of bank fraud on January 24, 2006. He pled guilty to Count 8 of the indictment charging him with bank fraud, and this Court sentenced him to 30 months imprisonment on August 11, 2006. Shortly before he was sentenced in those proceedings, on August 1, 2006, in the District of Oregon, Haddad was charged in a four count indictment with bank fraud and social

security fraud. He entered a not guilty plea on those charges on April 20, 2007, and trial was scheduled for June 26, 2007. He requested a continuance, and his trial in Oregon is currently scheduled for September 5, 2007.

On May 22, 2007, Haddad filed this *pro se* § 2255 habeas motion seeking to vacate or set aside his conviction and the sentence imposed by this Court on August 11, 2006. He claims both the prosecution and his counsel knew that he had been charged in Oregon at the time of his sentencing and that those charges arose out of the same "crime spree" as the charges in Minnesota. Had either the prosecution or his own counsel informed him of the charges, Haddad asserts, he would have withdrawn his guilty plea in this district and entered into a global settlement which would have resulted in the dismissal of both the Oregon and Minnesota charges.

## ANALYSIS

Relief under § 2255 is available to petitioners who demonstrate that their "sentence was imposed in violation of the Constitution . . . or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Such relief is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Haddad asserts that his motion fits into the limited categories of claims for which § 2255 relief is available because he would have received a lesser sentence had he

entered into a global settlement for all of the charges. This assertion rests on the assumption that he had a right to such an agreement, but there is no constitutional requirement that the prosecution bargain with a defendant, *see Weatherford v. Bursey*, 429 U.S. 545, 560 (1977), and the prosecution has discretion whether and when to bring charges. *United States v. Beckett*, 208 F.3d 140, 151 (3d Cir. 2000); *see also, e.g.*, *United States v. Mills*, 280 F.3d 915, 920 (9th Cir. 2002). Moreover, Haddad knew about the underlying conduct for the Oregon charges when he pled guilty, and he knew that the plea agreement only applied to the District of Minnesota and offenses committed in this district. There is no dispute that Haddad's plea was willing and knowing, and there is no basis upon which to attack the plea. *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) (holding that "a valid guilty plea forecloses an attack on a conviction unless on the face of the record the court had no power to enter the conviction or impose the sentence") (internal citation and quotation omitted).

The Court finds that Haddad fails to make the requisite showing to prevail on his § 2255 motion and that it must be dismissed. Haddad's overarching claim that he should receive a lesser sentence on the Oregon charges because he pled guilty to the charges in Minnesota must be addressed to the United States Attorney's Office for the District of Oregon and that Court.

## CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969 (8th Cir. 2000). To make such a

showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court finds that it is unlikely that another court would decide the issues raised in this § 2255 motion differently. For this reason, the Court concludes that Haddad has failed to make the required substantial showing of the denial of a constitutional right, and the Court denies a certificate of appealability.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Docket No. 84] is **DENIED**.

2. For purposes of appeal, the Court does not certify the issues raised in petitioner's motion for a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A).

The Clerk of Court is respectfully directed to mail a copy of this Order to defendant.

DATED:  August 31, 2007              s/ John R. Tunheim  
at Minneapolis, Minnesota.             JOHN R. TUNHEIM  
                                                   United States District Judge